UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re LATAM AIRLINES GROUP S.A., *ET AL.*

| | |
|---|---|
| The Official Committee Of Unsecured Creditors Of Latam Airlines Group, S.A., And Its Affiliated Debtors-In-Possession, *Appellant*, -against- LATAM Airlines Group S.A., *et al.* *Appellees*.[1] | Case No. 22-CV-04158 Hon. Ronnie Abrams |

## UNOPPOSED MOTION TO ALLOW CERTAIN AD HOC GROUPS TO INTERVENE

Proposed intervenors the Parent Ad Hoc Claimant Group and the Ad Hoc Group of LATAM Bondholders (the "Bondholder Group") (together, the "Proposed Intervenors") respectfully move the Court to permit the Proposed Intervenors to intervene in the above-captioned appeal pursuant to Rule 8013 of the Federal Rules of Bankruptcy Procedure.

**WHEREAS** on January 10, 2022, the Appellant the Official Committee of Unsecured Creditors (the "Committee", or the "Appellants") objected to the claim (the "Intercompany Claim") held by LATAM Finance Ltd. against Peuco Finance Ltd. [Dkt. No. 20-

---

[1] The Appellees in this case are: LATAM Airlines Group S.A., Lan Cargo S.A.,Transporte Aereo S.A., Inversiones Lan S.A., Technical Training LATAM S.A., LATAM Travel Chile II S.A., Lan Pax Group S.A., Fast Air Almacenes De Carga S.A., Linea Aerea Carguera De Colombia SA, Aerovias De Integracion Regional S.A., LATAM Finance LTD, LATAM Airlines Ecuador S.A., Professional Airline Cargo Services, LLC, Cargo Handling Airport Services, LLC, Maintenance Service Experts, LLC, Lan Cargo Repair Station LLC, Prime Airport Services Inc., Professional Airline Maintenance Services, LLC, Connecta Corporation, Peuco Finance Ltd., Latam Airlines Peru S.A., Inversiones Aereas S.A., Holdco Colombia II Spa, Holdco Colombia I Spa, Holdco Ecuador S.A., Lan Cargo Inversiones S.A., Lan Cargo Overseas Ltd, Mas Investment Ltd., Professional Airline Services Inc., TAM S.A., TAM Linhas Aereas S.A., Aerolinhas Brasileiras S.A., Prismah Fidelidade Ltda., Fidelidade Viagens E Turismo S.A., TP Franchising Ltda., Holdco I S.A., Multiplus Corredora De Seguros Ltda., and Piquero Leasing Limited.

11254-jlg, Doc. No. 4043];

**WHEREAS** on February 25 and 28, 2022, the Bondholder Group and Appellees LATAM Airlines Group S.A. and certain of its affiliated debtors (together, the "Appellees" or the "Debtors"), respectively, filed a response in support of the Intercompany Claim [Dkt. No. 20-11254-jlg, Doc. Nos. 4415, 4420,];

**WHEREAS** on February 28, 2022, the Parent Ad Hoc Claimant Group filed a statement in support of the Intercompany Claim [Dkt. No. 20-11254-jlg, Doc. No. 4440];

**WHEREAS** on March 10 and 18, 2022, the Bankruptcy Court held an evidentiary hearing as well as oral argument on the Committee's objection to the Intercompany Claim (the "Intercompany Claim Hearing");

**WHEREAS** on March 22, 2022, the Debtors filed their post-Intercompany Claim Hearing brief in support of the Intercompany Claim [Dkt. No. 20-11254-jlg, Doc. No. 4729];

**WHEREAS** on March 24 and 25, 2022, the Proposed Intervenors filed their post-Intercompany Claim Hearing briefs in support of the Intercompany Claim [Dkt. No. 20-11254-jlg, Doc. Nos. 4764, 4756];

**WHEREAS** on April 29, 2022, the Bankruptcy Court entered a memorandum decision and order overruling the Committee's objection to the Intercompany Claim [Dkt. No. 20-11254-jlg, Doc. No. 5189] (the "Intercompany Claim Opinion and Order");

**WHEREAS** on May 13, 2022, the Committee filed a notice of appeal of the Intercompany Claim Opinion and Order [Dkt. No. 20-11254-jlg, Doc. No. 5361];

**WHEREAS** on May 25, 2022, the Committee and the Debtors filed the *Agreed Motion to Stay Briefing on the Merits of the Above Captioned Appeal Pending Resolution of Chapter 11 Cases* [Doc. No. 3] (the "Motion to Stay").

**WHEREAS** on May 26, 2022, the Court entered an order granting the Motion to Stay and staying the briefing of this appeal [Doc. No. 4] (the "Stay Order").

**WHEREAS** the Proposed Intervenors are interested in their capacities as creditors of the relevant Debtor estates; the Proposed Intervenors played roles in the proceedings below, including through filing briefings and statements in support of the Intercompany Claim and participating at the Intercompany Claim Hearing; the Proposed Intervenors are timely intervening consistent with Rule 8013 of the Federal Rules of Bankruptcy Procedure; and, in light of their role in the proceedings below and as parties that may be materially economically impacted by the Committee's objection to the Intercompany Claim, believe that their participation as intervenors is more appropriate than seeking leave to file briefs as *amici curiae*;

**WHEREAS** neither the Committee nor the Debtors oppose the Proposed Intervenors' motion to intervene in the above-captioned appeal.

**NOW THEREFORE,** for good cause shown, the Proposed Inventors respectfully request that the Court enter an order:

1. permitting the Proposed Intervenors to intervene in the above-captioned appeal; and

2. extending the Stay Order to the Proposed Intervenors.

[*Remainder of Page Intentionally Left Blank*]

Dated: New York, New York
June 17, 2022

**CLEARY GOTTLIEB
STEEN & HAMILTON LLP**

By: /s/ *Lisa M. Schweitzer*

Richard J. Cooper
Lisa M. Schweitzer
Luke A. Barefoot
Thomas S. Kessler
One Liberty Plaza
New York, New York 10006

*Counsel to the Debtors and
Debtors-in-Possession*

| **WHITE & CASE LLP** | **KRAMER LEVIN NAFTALIS & FRANKEL LLP** |
|---|---|
| By: /s/ *John K. Cunningham* | By: /s/ *Rachael L. Ringer* |
| John K. Cunningham<br>Brian D. Pfeiffer<br>Gregory M. Starner<br>Joshua Weedman<br>Kathryn Sutherland-Smith<br>1121 Avenue of the Americas<br>New York, New York 10020 | Kenneth H. Eckstein<br>Rachael L. Ringer<br>David E. Blabey, Jr.<br>Douglas Buckley<br>1177 Avenue of the Americas<br>New York, New York 10036 |
| *Counsel for the Ad Hoc Group of LATAM Bondholders* | *Counsel to the Parent Ad Hoc Claimant Group* |

In light of the parties' lack of opposition to the motion, and after considering the requirements laid out in Federal Rule of Bankruptcy Procedure 8013(g), the Court grants the Proposed Intervenors' motion to intervene. The Court's stay order in this action shall extend to Intervenors.

SO ORDERED.

_____
Hon. Ronnie Abrams
June 21, 2022

4